UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| D.F., a minor, individually and by his parent and legal guardian, A.C., <br><br> Plaintiff, <br><br> v. <br><br> COLLINGSWOOD PUBLIC SCHOOLS, <br><br> Defendant. | HONORABLE JOSEPH E. IRENAS <br><br> CIVIL ACTION NO. 10-594 (JEI/JS) <br><br> **OPINION** |

**APPEARANCES:**

JAMIE EPSTEIN, ESQ.
1101 Route 70 West
Cherry Hill, New Jersey 08002
        Counsel for Plaintiff

MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
By: Richard L. Goldstein, Esq.
Woodland Falls Corporate Park
200 Lake Drive East, Suite 300
Cherry Hill, New Jersey 08002
        Counsel for Defendant

**IRENAS**, Senior District Judge:

    Plaintiff D.F., individually and by his parent and legal guardian, A.C., brings this Individuals with Disabilities Education Act ("IDEA") suit, 20 U.S.C. §§ 1400-1491, against Collingswood Public Schools ("Collingswood").[1] D.F. appeals four decisions of the Administrative Law Judge ("ALJ") and seeks

---

[1] The Court has subject matter jurisdiction pursuant to 20 U.S.C. § 1415(i).

1

compensatory education for the period that he was not provided with a one to one aide.  In addition, D.F. seeks attorneys' fees and costs.

Pending before the Court are Collingswood's and D.F.'s cross motions for summary judgment.

## I.

During the 2008-2009 school year, when the present dispute arose, D.F. was enrolled in a regular education kindergarten program at Collingswood.[2]  (July 2009 Order at 3.)  Collingswood developed an IEP for D.F. which was signed by A.C at an IEP conference on September 4, 2008.  (*See* Collingswood's Br. in Support, Ex. D ¶ 2; D.F.'s Appx. to Br. in Support at DF-1.)  Collingswood sought to enroll D.F. in a self-contained classroom, but because D.F.'s brother was enrolled in that class, A.C. requested that he be placed elsewhere.  (*Id.*)  As a result of this request, D.F. was assigned to a regular education kindergarten class.  (*Id.*)

On January 21, 2009, D.F. filed a due process petition, seeking an independent psychiatric evaluation, an independent behavior assessment, compensatory education for the period he was not provided with a one to one aide, and an IEP with proper goals

---

[2] Prior to his enrollment at Collingswood, D.F.'s prior school district had developed an Individual Education Program ("IEP") for him based on a classification of social maladjustment.  (July 2009 Order at 3.)

and objectives.  (*Id.*)

    On August 24, 2009, Collingswood applied for emergent relief seeking to change D.F.'s placement.  Following the denial of this application, Collingswood filed a second due process petition and again sought emergent relief on October 29, 2009, requesting an out-of-district placement for D.F. and cooperation from A.C. in the application process.[3]  (Collingswood's Stat. of Facts ¶ 7.)  On November 6, 2009, the ALJ issued an Order placing D.F. on home instruction while a suitable placement could be found and directing A.C. to cooperate in the application process.  (Nov. 6, 2009 Order at 8.)  In an Order dated April 1, 2010, the ALJ determined that the Archway School was the appropriate out of district placement for D.F.  (Apr. 1, 2010 Order at 8.)

    On July 15, 2010, D.F. filed another due process petition alleging that Collingswood improperly restrained him and asserting a compensatory education claim for the period that Collingswood failed to provide D.F. with a free and appropriate education ("FAPE") in the least restrictive environment.  (Collingswood Br. in Support Ex. S)  In response, Collingswood filed a Notice of Insufficiency, arguing that D.F. did not plead

---

[3] As detailed in Collingswood's due process petition, D.F.'s behavior included, *inter alia*, destruction of items in the classroom and hallway, hitting students in the head, throwing items at students, spitting at teachers, causing a teacher to bleed by scratching and puncturing her with a push-pin, climbing on filing cabinets, and fleeing from the classroom.  (Ex. K.)

specific facts as required by N.J.A.C. 6A:14-2.7(c).  (*Id.* Ex. T.)  In an Order dated July 27, 2010, the ALJ dismissed D.F.'s due process petition for failing to provide sufficient details regarding the allegedly improper restraint.  (July 27, 2010 Order at 2-3.)

On July 27, 2010, A.C. advised the ALJ that she had moved with D.F. from New Jersey to Georgia.  (Aug. 4, 2010 Order at 2.)  On August 4, 2010, the ALJ issued an Order denying D.F.'s request to expand his compensatory education claims on the grounds of undue delay and mootness and dismissed D.F.'s and Collingswood's pending due process petitions as moot.  (*Id.*)

On February 3, 2010, D.F. filed the instant Complaint in this Court.  On February 28, 2011, Collingswood filed its Motion for Summary Judgment.  On March 11, 2011, D.F. filed a Motion for Summary Judgment.

## II.

"When deciding an IDEA case, the district court applies a modified *de novo* review and is required to give due weight to the factual findings of the ALJ."  *M.S. v. Ramsey Bd. of Ed.*, 435 F.3d 384, 389 (3d Cir. 2006).  The Court must "defer to the ALJ's factual findings unless it can point to contrary non-testimonial extrinsic evidence on the record."  *S.H. v. State-Operated Sch. Dist.*, 336 F.3d 260, 270 (3d Cir. 2003).  The Court's decision is based on the preponderance of the evidence.  20 U.S.C. §

4

1415(i)(2)(B)(iii).

"Because the IDEA requires a district court to grant a judgment on the record based on its own ascertainment of the preponderance of the evidence, many IDEA claims do not fit into the typical summary judgment standard of 'no genuine issues of material fact.'"  *L.B. v. Nebo Sch. Dist.*, 379 F.3d 966, 974 (10th Cir. 2004).  The parties in this case are effectively seeking "a judgment on the administrative agency's record."  *Id.*  Although seeking judicial review of an administrative agency's decision by way of a summary judgment motion "is permissible under the IDEA, it is not a true summary judgment procedure.  Instead, the district court essentially conduct[s] a bench trial based on a stipulated record."  *Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1472 (9th Cir. 1993).

### III.

### A.

The threshold question of this IDEA suit is whether D.F.'s move from New Jersey to Georgia renders his claims moot.  While D.F. concedes that the move out of state renders moot all claims for prospective relief, he maintains that his claim for compensatory education survives.  Collingswood, however, argues that this Court lacks subject matter jurisdiction to review the ALJ's decisions because those decisions have become moot.

A claim becomes moot when "the issues presented are no

longer live or the parties lack a legally cognizable interest in the outcome." *Donovan ex. rel. Donovan v. Punxsutawney Area Sch. Bd.*, 336 F.3d 211, 216 (3d Cir. 2003). The mootness inquiry focuses on whether the court "can grant effective relief." *Id.* "[I]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Id.*

Here, D.F. seeks compensatory education for the period of time that Collingswood failed to provide him with a one to one aide. Compensatory education may be awarded where a court finds that a child was denied a FAPE. *Mary T. v. Sch. Dist. of Philadelphia*, 575 F.3d 235, 249 (3d Cir. 2009). "[C]ompenatory education serves to replace educational services the child should have received in the first place and . . . such awards should aim to place disabled children in the same position they would have occupied but for the school district's violations of IDEA." *Ferren v. Sch. Dist. of Philadelphia*, 612 F.3d 712, 717-18 (3d Cir. 2010)(internal quotations omitted).

The Court agrees with Collingswood and finds that the present dispute has been rendered moot by D.F.'s move from New Jersey to Georgia. While cases have held that compensatory education claims which seek redress for past harms are not

rendered moot by a child's move out of a school district,[4] on the facts of this case, the Court cannot grant the relief that D.F. seeks.

First, the claimed compensatory education relief does not properly flow from the ALJ decisions that are being challenged. The Orders of November 6, 2009 and April 1, 2010 concern what is the appropriate out of district placement for D.F.  Because D.F. has moved out of state, this Court could not provide any relief in connection with a favorable decision for him, let alone relief in the form of compensatory education.  Similarly, the July 27, 2010 Order concerning an alleged improper restraint is wholly unrelated to Plaintiff's compensatory education claim for the period of time that he was deprived of a one to one aide.  Thus, even if D.F. prevailed with respect to the July 27, 2010 Order, this Court could not grant the compensatory education relief D.F. seeks to remedy the particular wrong alleged here.

The August 4, 2010 Order, which dismissed Plaintiffs' and Collingswood's due process petitions as moot, also cannot be remedied by the relief that D.F. seeks.[5]  Plaintiffs have

---

[4] *See N.P v. East Orange Bd. of Educ.*, No. 06-5130, 2011 WL 463037 (D.N.J. Feb. 3, 2011)(compensatory education claim not moot where child moved to adjacent school district within the state); *Neshaminy Sch. Dist. v. Karla B.*, No. 96-3865, 1997 WL 137197 (E.D. Pa. Mar. 20, 1997)(same).

[5] This Order also denied for undue delay and mootness D.F.'s request to expand his compensatory education claim.

voluntarily moved out of state to Georgia, which has necessarily assumed the obligation to evaluate D.F.'s educational needs as they currently exist and provide him with a FAPE and any necessary special education services.  The in-kind compensatory education remedy that D.F. seeks from Collingswood is subsumed within the education he is currently receiving from Georgia.  Therefore, D.F.'s move to a different state which has assumed responsibility for his education has eliminated the possibility that this Court could grant any effective relief to D.F.[6]  *See S.N. v. Old Bridge Township Bd. of Educ.*, No. 04-517, 2006 WL 3333138, at *4 (D.N.J. Nov. 15, 2006).

　　　Accordingly, since the Court cannot grant any effective

---

[6] Moreover, D.F.'s claim for compensatory education for the period of time he was not provided a one to one aide also fails on the merits because Collingswood did not deny him a FAPE during that period.  Collingswood developed an IEP for D.F. which was signed by A.C at an IEP conference on September 4, 2008.  (*See* Collingswood's Br. in Support, Ex. D ¶ 2; D.F.'s Appx. to Br. in Support at DF-1.)  This IEP did not require a 1:1 aide for D.F. (*Id.*)  After the school year commenced and D.F. began to experience serious behavioral difficulties, Collingswood engaged Philip Concors to conduct a Functional Behavioral Assessment.  (*See* Order dated Nov. 6, 2009 at 3.)  In addition, Collingswood began providing D.F. with a one to one aide as of Jan. 8, 2009.  (*See* Collingswood Br. in Support, Ex. B at 4.)  The record before this Court demonstrates that Collingswood acted promptly to attempt to resolve D.F.'s educational issues and meet his educational needs. *See Mary T. v. Sch. Dist. of Philadelphia*, 575 F.3d 235, 251 (3d Cir. 2009)(concluding that plaintiffs not entitled to compensatory education because the school responded promptly and sought to reevaluate child's educational needs and develop new IEP).  Accordingly, even if D.F.'s claims are not moot, D.F. would not be entitled to compensatory education for the period of time he was not provided with a one to one aide.

relief, D.F.'s claims are moot and the Complaint must be dismissed.

### B.

D.F. also seeks attorneys' fees and costs in connection with the June 22, 2009 Order, in which Collingswood was ordered to pay for a psychiatric evaluation and an FBA of D.F.  (*See* Collingswood's Br. in Support, Ex. J.)

Pursuant to 20 U.S.C. § 1415 (i)(3)(B)(i)(I), the court in its discretion may award reasonable attorneys' fees "to a prevailing party who is the parent of a child with a disability." In the Third Circuit a two-part test is applied to determine if the parents are the prevailing party.  *Wheeler by Wheeler v. Towanda Area Sch. Dist.*, 950 F.2d 128, 131 (3d. Cir. 1991). First, the court must consider whether plaintiffs achieved relief.  *Id.*  "This involves a commonsense comparison between the relief sought and obtained."  *Id.* (citing *Institutionalized Juveniles v. Sec'y of Pub. Welfare*, 758 F.2d 897, 911 (3d Cir. 1985)).  A plaintiff need not obtain a favorable judgment, but only must achieve some of the benefit sought in the suit.  *Id.*

The second prong considers whether there is a causal connection between the litigation and the relief from the defendant.  *Id.*  "Litigation is causally related to the relief obtained if it was a material contributing factor in bringing about the events that resulted in obtaining the desired relief."

9

*Id.* at 132.  "A resolution materially alters the legal relationship between the parties when it modifies the defendant's behavior in a way that directly benefits the plaintiff."  *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 855 (3d Cir. 2006)(internal quotations omitted).

Here, D.F. is not a prevailing party based on the June 2009 Order because he cannot establish a causal connection between the litigation and the relief obtained.  This is because D.F. through A.C. did not follow proper procedure by making a request to have an FBA and psychological evaluation performed by experts of her choosing known to Collingswood prior to requesting them in a due process petition.

The record before this Court demonstrates that upon A.C.'s request for an FBA when D.F. was first enrolled in the district, Collingswood agreed to provide one by Philip Concors.  (*See* Collingswood's Br. in Support, Ex. E at 2.)  A.C. did not object to Collingswood's offer, but later declined to participate when she was asked to be interviewed for the FBA.  (*Id.*)  Then, without making her request for independent evaluations known to Collingswood, D.F. though A.C. immediately filed a due process petition.  In so doing, A.C. violated the procedures set forth in N.J.A.C. § 6A:14-2.5(c)(1), which provides: "If a parent seeks an independent evaluation in an area not assessed as part of an initial evaluation or a reevaluation, the school district shall

10

first have the opportunity to conduct the requested evaluation." N.J.A.C. § 6A:14-2.5(c)(1). Following D.F.'s request for these evaluations in his due process petition, Collingswood agreed to provide them. (*Id.*, Plescia Aff. ¶ 6; Ex. F at 17-18.)

The record before this Court indicates that Collingswood was at all times willing to provide the evaluations to D.F. had they been requested. While D.F. benefitted in that he did obtain an FBA and a psychiatric evaluation at Collingswood's expense after filing a due process petition, the evaluations are not a result of the petition and counsel did not do anything to bring this about such that he would be entitled to attorneys' fees and costs. Accordingly, since D.F. by and through A.C. has not met the prevailing party test, he is not entitled to attorneys' fees or costs.

### IV.

For the reasons stated above, D.F.'s Motion for Summary Judgment will be denied and Collingswood's Motion for Summary Judgment will be granted. An appropriate Order accompanies this Opinion.

Dated: May 23, 2011

                                         s/Joseph E. Irenas
                                         **JOSEPH E. IRENAS, S.U.S.D.J.**