```
             UNITED STATES DISTRICT COURT
                DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| D.F., a minor, individually and by his parent and legal guardian, A.C.,<br><br>    Plaintiff,<br><br>  v.<br><br>COLLINGSWOOD PUBLIC SCHOOLS,<br><br>    Defendant. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 10-594<br>         (JEI/JS)<br><br>**OPINION** |

**APPEARANCES:**

JAMIE EPSTEIN, ESQ.
1101 Route 70 West
Cherry Hill, New Jersey 08002
        Counsel for Plaintiff

MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
By: Richard L. Goldstein, Esq.
Woodland Falls Corporate Park
200 Lake Drive East, Suite 300
Cherry Hill, New Jersey 08002
        Counsel for Defendant


**IRENAS**, Senior District Judge:

    This is an Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., case. By way of summary judgment motion, Plaintiff principally appeals the ALJ's dismissal of his July, 2010 due process petition due to insufficient factual pleading. For the reasons set forth herein, Plaintiff's Motion will be denied.

I.

The background facts of this case have been recited in this Court's prior opinion, *D.F. v. Collingswood Public Schools*, 804 F. Supp. 2d 250 (D.N.J. 2011), and the Court of Appeals' opinion reversing and remanding in part that decision. *D.F. v. Collingswood Borough Board of Education*, 694 F.3d 488 (3d Cir. 2012).

In the prior decision, on May 23, 2011, this Court granted Defendant's Motion for Summary Judgment and denied Plaintiff's Motion for Summary Judgment, holding that (1) D.F.'s claims for compensatory education were moot; and (2) D.F. was not a prevailing party under 20 U.S.C. § 1415(i)(3)(B)(i)(I) with regard to the ALJ's June 22, 2009 Order. *D.F. v. Collingswood Public Schools*, 804 F. Supp. 2d 250 (D.N.J. 2011).

On September 12, 2012, the Court of Appeals reversed this Court's mootness holding but affirmed the prevailing party holding. *D.F. v. Collingswood Borough Board of Education*, 694 F.3d 488 (3d Cir. 2012). The Court remanded the case to this Court "for factual findings on all the alleged violations of FAPE" and observed that "because D.F. had not presented any testimony before the ALJ when the ALJ declared the claims to be moot, further development of the record is likely to be necessary before D.F.'s claims for compensatory education can be properly evaluated." *Id.* at 501.

After two status conferences, and written correspondence from both parties, the Court agreed to allow the parties to file summary judgment motions before remanding the case to the ALJ. This opinion addresses only Plaintiff's Motion; a separate opinion will address Defendant's forthcoming Motion, which is not yet due according to the operative scheduling order.

Plaintiff has "refile[d]" the Summary Judgment Motion this Court denied in the May 23, 2011 opinion. (Cover letter to the Motion, Docket Entry #80)  The brief in support of the refiled Motion (Docket Entry #81-7) is identical in every respect to the brief in support of Plaintiff's original Motion for Summary Judgment (Docket Entry #49-4).

The refiled Motion raises five arguments:

> "1. Plaintiffs [sic] are the prevailing party . . . by obtaining the relief ordered on June 22, 2009. . . . ;
>
> 2. It was an error for the ALJ . . . to find Plaintiff's [July 15, 2010] petition did not meet the sufficiency requirements for a due process petition;
>
> 3. It was an error for the ALJ . . . to dismiss Plaintiff's demand for compensatory education as moot;
>
> 4. The Decisions of November 4, 2009 and April 1, 2010 disrupting [D.F.'s] stay-put were in error; [and]
>
> 5. Plaintiffs [sic] are [a] prevailing party for their success on this Appeal to this District Court."

(Docket #81-7, p. 1)

3

Defendant objects to the refiled Motion.

## II.

For the reasons articulated next, only argument (2) requires extended discussion. Accordingly, the Court first briefly addresses the other four arguments, before turning to the core of the instant Motion, which is argument (2).

### A.

With respect to arguments (1) and (3) it is clear that the Court of Appeals addressed and decide those issues. It is now the law of the case that Plaintiff is not a prevailing party with regard to the June 22, 2009 order, *D.F.,* 694 F.3d at 501-02, and that Plaintiff's compensatory education claims are not moot, *Id.* at 495-99. Those issues will not be relitigated.[1]

Argument (5) makes little sense because it was written in March, 2011, with the assumption that Plaintiff would prevail on his original motion for summary judgment. However, Plaintiff obviously did not prevail on that motion; Plaintiff's appeal to this Court was not successful.[2]

---

[1] Indeed, Plaintiff's docket notation accompanying the refiled Motion states that arguments 1 and 3 are "not applicable."

[2] In Plaintiff's subsequent letter to the Court (Docket #85) he clarifies that he intends to assert the prevailing party argument as to the instant refiled Motion for Summary Judgment.

Lastly, argument (4) implicates factual issues concerning the alleged denial of FAPE. In his brief, Plaintiff argues, "[t]he ALJ erred by disrupting [D.F.'s] stay-put. As remedy, we are seeking compensatory education to make up for the time which [D.F.] was deprived of the education he should have received." (Docket Entry #81-7, p.44) As the Third Circuit observed with respect to the denial of FAPE claims, "further development of the record is likely necessary" and accordingly, this Court has remanded the issue to the ALJ. *See* Order of December 19, 2012, Docket #79. The FAPE issue will not be litigated in the first instance before this Court.

**B.**

The sole issue properly before this Court at this time is whether the remand of this case will include the issue raised by the July, 2010 due process petition, namely, the alleged improper restraint of D.F.[3]

---

However, because Plaintiff does not prevail on the instant Motion, he is not entitled to fees.

[3] As stated in the prior opinion, "D.F.'s [classroom] behavior included, *inter alia*, destruction of items . . . hitting students in the head, throwing items at students, spitting at teachers, causing a teacher to bleed by scratching and puncturing her with a push-pin, climbing on filing cabinets, and fleeing from the classroom." 804 F. Supp. at 253 n.3.

**1.**

On July 15, 2010, Plaintiff's mother, through her attorney, filed the due process petition at issue here. The factual allegations of the petition were word-for-word identical to the original due process petition (filed in January, 2009) except in one material respect. The bolded portion of the text reproduced below indicates the addition made in the July, 2010 petition; the other text appears in both petitions:

> [D.F.] TRANSFERRED FROM CAMDEN SCHOOL DISTRICT FOR THE 2008-2009 SCHOOL YEAR.  HE CAME WITH AN IEP FROM CAMDEN.  THE CAMDEN IEP WAS ADOPTED BY COLLINGSWOOD.  COLLINGSWOOD FAILED TO FOLLOW THE IEP.  THE CAMDEN IEP STATES: [D.F.] REQUIRES A SELF CONTAINED BEHAVIOR DISABILITIES PROGRAM WITH COUNSELING SERVICES. COLLINGSWOOD PLACED [D.F.] IN A REGULAR KINDERGARTEN AND FAILED TO PROVIDE A 1:1 AIDE UNTIL 1/8/09.  THEY FAILED TO CONSIDER MANIFESTATIONS OF [D.F'S] HANDICAP WHEN THEY DISCIPLINED / SUSPENDED HIM AS REQUIRED BY THE IEP (PAGE 19 LAST PARAGRAPH).  **COLLINGSWOOD IMPROPERLY RESTRAINED [D.F.].**  IN [D.F.'S] CURRENT IEP THE LEARNING CONSULTANT SUGGESTS HE HAS ADHD AND ODD[4] WITHOUT MAKING A REFERRAL FOR PSYCHIATRIC EVALUATION. THE IEP FURTHER STATES PSYCHOLOGICAL TESTING FINDS CLINICALLY SIGNIFICANT LEVELS OF AGGRESSION, HYPERACTIVITY, AT-RISK LEVEL OF DEPRESSION AND ADAPTABILITY.  FURTHERMORE [D.F.'S] BEHAVIOR PLAN IDENTIFIES THE FOLLOWING TARGET BEHAVIORS: HITTING OTHERS, THROWING THINGS, FOLLOWING DIRECTIONS, RUNNING OUT OF CLASSROOM AS HIS TARGET BEHAVIORS. [D.F.] DID NOT RECEIVE COUNSELING 4X/M AS REQUIRED BY HIS IEP AND THERE IS NO GOAL SHEET FOR HIS COUNSELING. THE BEHAVIOR PLAN IS INAPPROPRIATE BECAUSE IT WAS NOT DEVELOPED FROM A BEHAVIOR ASSESSMENT, THERE IS NO BASELINE FOR THE TARGET BEHAVIORS, THE DOCUMENTATION SYSTEM IS INADEQUATE, THE REINFORCER SELECTED IS SPECULATIVE, STAFF RESPONSIBLE ARE NOT DESIGNATED,

---

[4] This apparent error is contained in both petitions. Presumably "ODD" should be "ADD," for Attention Deficit Disorder.

> SUCCESS CRITERIA IS OMITTED, ETC.  THE BEHAVIOR PLAN AND OTHER GOALS IN THE IEP ARE INCOMPLETE, AND NOT STATED IN MEASURABLE AND OBJECTIVE TERMS.

(1/21/09 Due Process Petition, DF-16 - DF-19; 7/15/10 Due Process Petition, DF-212 - DF-215) (caps and formatting as in originals).

Invoking the relevant provisions of the IDEA and accompanying regulations,[5] counsel for Collingswood filed with the Office of Special Education Programs a "Notice of Insufficiency" wherein it asserted that "[t]he Petition fails to assert any facts related to the allegation that [D.F.] was improperly restrained.  For example, there are no dates, names of persons who allegedly restrained [D.F.] or the circumstances in which [D.F.] was allegedly restrained."  (7/23/10 Notice of Insufficiency, DF-210)

---

[5] *See* 20 U.S.C. § 1415(c)(2)(A) ("Complaint. The due process complaint notice required under subsection (b)(7)(A) shall be deemed to be sufficient unless the party receiving the notice notifies the hearing officer and the other party in writing that the receiving party believes the notice has not met the requirements of subsection (b)(7)(A)."); 34 C.F.R. § 300.508(d)(1) ("(d) *Sufficiency of complaint.*  (1) The due process complaint required by this section must be deemed sufficient unless the party receiving the due process complaint notifies the hearing officer and the other party in writing . . . that the receiving party believes the due process complaint does not meet the requirements in paragraph (b) of this section."); N.J.A.C. 6A:14-2.7(f) ("A request for a due process hearing . . . serves as notice to the respondent of the issues in the due process complaint. The respondent may assert that the notice does not meet the requirements of 20 U.S.C. § 1415 and, therefore, the notice is not sufficient.  The notice for a hearing will be considered sufficient unless the respondent notifies the Office of Special Education Programs and the complaining party (petitioner), in writing, within 15 days of receipt of the request for a due process hearing.").

The Notice was faxed to the Office of Special Education Programs on July 23, 2010, which was a Friday. (DF-210) However, it does not appear that a copy of the Notice was faxed to Plaintiff's attorney. Rather, a hard copy of the notice was sent via U.S. Postal Service and postmarked the following Monday, July 26, 2010. (DF-207)

On July 27, 2010, ALJ Martone issued a written decision dismissing the July 15, 2010 petition finding that the complaint did not include "facts relating to the problem" or "a proposed resolution to the problem." (ALJ's Decision of July 27, 2010, District Court docket entry #40-4)[6]

Importantly, the ALJ's July 27, 2010 decision was not the first time Plaintiff's allegation regarding improper restraints was dismissed for lack of factual assertions. On April 6, 2009, the ALJ dismissed a separate due process petition (filed by D.F. on March 24, 2009) stating that "[t]he complaint fails to allege any facts related to the claim that D.F. was restrained without authorization." (DF-218)[7]

---

[6] The ALJ must make a sufficiency determination "within five days of receipt" of a Notice of Insufficiency. 34 C.F.R. § 300.508(d)(2). *See also* N.J.A.C. 6A:14-2.7(f)(1) ("The sufficiency challenge will be forwarded to the Office of Administrative Law (OAL) and within five days of receipt of the written objection, an administrative law judge will determine whether the notice meets the requirements of 20 U.S.C. § 1415 and will notify the parties in writing of the determination.").

[7] Plaintiff does not appeal that decision.

Plaintiff's attorney asserts that he received the ALJ's written decision dismissing the due process petition before he received the Notice of Insufficiency. Thereafter, he wrote to the ALJ asking him to vacate the order on the ground that it was granted *ex parte*. (Def's Opposition, Ex. X)  Plaintiff's request was not granted.

**2.**

In support of his position that the ALJ erred in dismissing the July, 2010 petition, Plaintiff asserts one merits argument and one procedural argument. As stated in this Court's previous opinion, this Court applies a "modified de novo review" to the ALJ's decision. *D.F. v. Collingswood Public Schools*, 804 F.Supp.2d 250, 254 (D.N.J. 2011).

First, Plaintiff asserts that his due process petition was substantively sufficient. The IDEA and accompanying regulations require that a due process complaint contain "the name of the child, the address of the residence of the child . . . and the name of the school the child is attending"; "a description of the nature of the problem of the child relating to such proposed initiation or change, including facts relating to such problem"; and "a proposed resolution of the problem to the extent known and available to the party at the time."  20 U.S.C. § 1415(b)(7)(A)(ii); *see also* 34 C.F.R. § 300.508(b) (same); N.J.A.C.

9

6A:14-2.7(c) ("The written request [for a due process hearing] shall include the student's name, student's address, the student's date of birth, the name of the school the student is attending and shall state the specific issues in dispute, relevant facts and the relief sought.").

Applying these standards, the ALJ held insufficient the bare assertion that D.F. was "improperly restrained." The ALJ wrote,

> The complaint fails to allege any facts related to the claim. . . . There is no indication of the details of the alleged improper restraint or restraints, including the date or dates on which it or they occurred, the nature of the restraint or restraints, in what way or manner the restraint or restraints were improper, the name of the person or persons alleged to have restrained D.F., the circumstances under which D.F. was restrained and whether the IEP authorizes reasonable restraints if and when D.F. engages in behaviors which may be dangerous to self and/or others.

(ALJ's July 27, 2010 Opinion; District Court Docket Entry 40-4)

The ALJ's holding was correct. Plaintiff alleged no facts that would put Defendant on sufficient notice as to the "nature of the problem." 20 U.S.C. § 1415 (b)(7)(A)(ii). As the ALJ stated, the question left unanswered by Plaintiff's petition is, what was improper about the restraint(s)? Perhaps it was the fact that D.F. was restrained at all, or the frequency of the restraint(s), or the nature of the restraint(s), or the length of time D.F. was restrained, to name just a few possibilities.

Plaintiff argues that he cannot reasonably be expected to have such facts at the outset of the case, but this Court

10

disagrees.  Plaintiff could be expected to at least allege some time frame within which the alleged improper restraints occurred.  (Plaintiff does not even allege to which school-year(s) the allegation pertains.)  Moreover, since Plaintiff cites the IEP with regard to other alleged problems, Plaintiff could have also indicated whether the IEP said anything concerning the use of restraints.  Accordingly, this Court holds that the ALJ was correct in concluding that the July 2010 petition was insufficient.[8]

Second, Plaintiff alternatively argues that even if his due process petition was insufficient, he was not given sufficient notice of, and time to respond to, the Notice of Insufficiency.  Plaintiff's counsel apparently reasons that had he received the Notice prior to the ALJ's decision, he could have amended the petition to cure the insufficiencies.

Plaintiff's argument, however, ignores the critical fact that he was already on actual notice that simply alleging improper restraints would not be sufficient.  In dismissing the March 2009 due process petition, the ALJ wrote,

> The complaint fails to allege any facts related to the
> claim that D.F. was restrained without authorization.

---

[8] Plaintiff's other arguments concerning IDEA pleading standards were squarely addressed and rejected by the Third Circuit in *M.S.-G v. Lenape Reg'l High Sch. Dist. Bd. of Educ.*, 306 Fed. Appx. 772, 775 (3d Cir. 2009).  Counsel for both parties were also the counsel involved in that case, therefore the Court assumes their familiarity with the case.

11

> There is no indication of the nature of the restraints, who is alleged to have restrained D.F., the circumstances under which D.F. was restrained and whether the IEP authorizes reasonable restraints if and when D.F. engages in behaviors which may be dangerous to self and/or others.

(ALJ's April 6, 2009 Opinion; DF-218)

Thus, even prior to filing the July 2010 petition, Plaintiff was well-aware of exactly what allegations would be required to support any claim founded upon the use of restraints. In effect, Plaintiff's July 2010 petition was a failed attempt to amend the March 2009 petition, and therefore he was not entitled to any further opportunity to amend. *Cf.* N.J.A.C. 6A:14-2.7(f)(2) (stating that if the due process petition "is deemed insufficient, the administrative law judge may dismiss the case and the petitioner may re-file with the Office of Special Education Programs, or the administrative law judge may grant permission to amend the request."). Accordingly, the ALJ did not err by refusing to vacate his decision of July 27, 2010.

### III.

For the above-stated reasons, Plaintiff's Renewed Motion for Summary Judgment will be denied. An appropriate Order accompanies this Opinion.

January 8, 2013                           s/ Joseph E. Irenas
                                          Joseph E. Irenas, S.U.S.D.J.