```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| D.F., a minor, individually and by his parent and legal guardian, A.C.,<br><br>      Plaintiff,<br><br>   v.<br><br>COLLINGSWOOD PUBLIC SCHOOLS,<br><br>      Defendant. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 10-594 (JEI/JS)<br><br>**OPINION** |

**APPEARANCES:**

JAMIE EPSTEIN, ESQ.
1101 Route 70 West
Cherry Hill, New Jersey 08002
        Counsel for Plaintiff

MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
By: Richard L. Goldstein, Esq.
Woodland Falls Corporate Park
200 Lake Drive East, Suite 300
Cherry Hill, New Jersey 08002
        Counsel for Defendant

**IRENAS**, Senior District Judge:

    Once again this Court is called upon to parse through the procedural quagmire of due process petitions, multiple motions to amend petitions, withdrawn motions to amend petitions, multiple motions for summary judgment, previous opinions from this Court, as well as an opinion from the Court of Appeals, to determine what issues, if any, are left to be decided by the ALJ in this Individuals with Disabilities in Education Act ("IDEA"), 20

U.S.C. § 1400 et seq., case.

Defendant Collingswood Public Schools ("Collingswood") presently moves this Court to reconsider its Order of January 29, 2013, which remanded this case to the ALJ for further proceedings not inconsistent with the opinion and order of the Court of Appeals.[1]  According to Collingswood, due to events occurring here in the district court after remand from the Court of Appeals, but before remand to the ALJ, there are no more factual or legal issues remaining in this case, and therefore there is no need to remand.

Plaintiff opposes the instant Motion, arguing that "Defendant fails to acknowledge the compensatory [education] claim within the January 21, 2009 due process petition . . . has yet to be resolved" (Opposition Brief, p. 12), and therefore remand is appropriate.

For the reasons that follow, the Court concludes that the claim for compensatory education contained in the January, 2009 due process petition was previously decided by this Court and affirmed by the Court of Appeals.  That claim was never remanded to this Court, and accordingly, this Court cannot remand it to

---

[1] The Order also dismissed as moot Collingswood's Motion for Summary Judgment.  However, neither party takes issue with that portion of the Order.  The parties agree that the issues raised by Collingswood's Motion for Summary Judgment filed on January 11, 2013 were later mooted by Plaintiff's letter of January 28, 2013.

the ALJ.  Thus, Collingswood's Motion for Reconsideration will be granted.[2]

**I.**

The background facts of this case have been recited in this Court's prior opinion, *D.F. v. Collingswood Public Schools*, 804 F. Supp. 2d 250 (D.N.J. 2011), and the Court of Appeals' opinion reversing and remanding in part that decision, *D.F. v. Collingswood Borough Board of Education*, 694 F.3d 488 (3d Cir. 2012).

The following procedural facts are relevant to the instant Motion and are undisputed.

This case began with a due process petition filed in January, 2009.  *D.F.*, 694 F.3d at 492.  Thereafter, Plaintiff filed two Motions to Amend the due process petition: one on May 26, 2009, which "sought to expand the original petition . . . [to] cover any denial of FAPE . . . from September 2008 - January 2009"; and one on September 16, 2009 which sought "compensatory education to remedy alleged violations of FAPE based on his summer 2009 [extended school year] placement."  *Id.* at 500.  Then on July 15, 2010, Plaintiff filed a second due process petition,

---

[2] A motion for reconsideration may be granted when vacating the Order is necessary to correct a clear error of law.  *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

3

which was identical to the first petition, except that it added a claim based on improper restraints of D.F. *Id.; see also D.F. v. Collingswood Pub. Schs,* 2013 U.S. Dist. LEXIS 2624 at *5-6 (D.N.J. Jan. 8, 2013).

Thus, the entire universe of issues that potentially could be remanded to the ALJ is comprised of four documents: (1) the January, 2009 due process petition; (2) the May 26, 2009 Motion to Amend; (3) the September 16, 2009 Motion to Amend; and (4) the July 15, 2010 due process petition.

Of these four, two can easily be eliminated as no longer presenting live issues. Upon remand to this Court from the Third Circuit, Collingswood moved for summary judgment on the ground that both Motions to Amend (documents (2) and (3) identified above) were untimely.[3] In response to the Motion, Plaintiff filed a letter on the docket on January 28, 2013 which reads, in its entirety, "Please be advised Plaintiffs hereby withdraw the two motions . . . that are the subject of Defendant's pending motion for summary judgment. Thank you." Based on this letter, the Court dismissed as moot Collingswood's Motion for Summary Judgment. As noted previously at footnote 1, neither party

---

[3] As the Third Circuit explained, the ALJ apparently dismissed the Motions to Amend on two grounds: undue delay and mootness, but this Court affirmed on mootness without reaching the timeliness issue. *D.F.,* 694 F.3d at 494, 500. When the Third Circuit held that the compensatory education claims were not moot, *id.* at 496-99, the question of timeliness became an issue again.

4

objects to that disposition, and therefore the Court concludes that none of the issues raised by either Motion to Amend may be remanded to the ALJ as those issues are now moot.

The second due process petition, dated July 15, 2010, can also be eliminated. After the Third Circuit remanded this case, Plaintiff moved this Court for summary judgment, appealing the ALJ's dismissal of his second due process petition.[4] For the reasons stated in this Court's opinion of January 8, 2013, *D.F. v. Collingswood Pub. Schs*, 2013 U.S. Dist. LEXIS 2624 (D.N.J. Jan. 8, 2013) this Court affirmed the dismissal of the second due process petition. Plaintiff does not object to that holding, and therefore the issues raised by the July, 2010 due process petition also cannot be remanded to the ALJ.

Thus, the only remaining document is the original due process petition. Plaintiff states, "[t]he January 21, 2009 due process petition seeks compensatory education for the period of time D.F. did not have a one-to-one aid, and said claim has yet to be decided since it was dismissed in error on August 4, 2010." (Opposition Brief, p. 13)[5]

Plaintiff is correct that the Third Circuit has held that

---

[4] *See D.F.*, 694 F.3d at 500 ("The ALJ dismissed this last petition for insufficiency, on the ground that it did not contain the necessary information relating to the restraints claim.").

[5] August 4, 2010 is the date of the ALJ's Order dismissing all claims as moot due to D.F. moving out of state. *D.F.*, 694 F.3d at 500.

5

the issues raised by the original due process petition were not mooted by D.F.'s move out of state. However, the Third Circuit nonetheless affirmed this Court's alternate decision on the merits concerning the claim for compensatory education for failure to provide a one-to-one aide:

> The District Court found, in a footnote, that 'D.F.'s claim for compensatory education for the period of time he was not provided a one-to-one aide also fails on the merits because Collingswood did not deny him a FAPE during that period.' 804 F. Supp. 2d. at 255 n.6. This conclusion was supported with record evidence including the creation of the September 4, 2009 IEP with A.C.'s consent, the conducting of the behavior assessment by Phillip Concors in November 2009, and the provision of the one-to-one aide in January. All of this showed, in the District Court's view, that Collingswood 'acted promptly to attempt to resolve D.F.'s educational issues and meet his educational needs.' Id. . . . [W]e . . . do not find the District Court's conclusion to this question of fact to be clearly erroneous.

*D.F.*, 694 F.3d at 499-500.

Thus, Plaintiff is incorrect in its assertion that the original due process petition's claim for compensatory education has yet to be decided. The claim was decided in this Court's decision of May 23, 2011, and affirmed by the Court of Appeals on September 12, 2012. Accordingly, that issue was never remanded to this Court and this Court cannot remand it to the ALJ.[6]

---

[6] Plaintiff, in a subsequent letter to the Court, also contends that his appeals of the ALJ's orders of November, 2009 and April, 2010 are still at issue in this case. The Court disagrees. Those orders resulted from Collingswood's emergent requests to move D.F. to an out-of-district placement and did not involve Plaintiff's claims for compensatory education. As the

**II.**

For the above-stated reasons, Defendant's Motion for Reconsideration will be granted; no issues will be remanded to the ALJ. An appropriate Order accompanies this Opinion.

June 19, 2013                    s/ Joseph E. Irenas
                                 Joseph E. Irenas, S.U.S.D.J.

---

Third Circuit explicitly recognized, when D.F. moved out of state, Plaintiff withdrew all claims except those for compensatory education. *D.F.,* 694 F.3d at 494 ("On July 7, 2010, D.F.'s counsel advised Collingswood that D.F. and A.C. had moved to Georgia and that they would be withdrawing all claims except those for compensatory education."; "D.F. had conceded that the move rendered moot all the claims except those for compensatory education."). Since the orders do not involve Plaintiff's claims for compensatory education, the issues implicated by those orders were never part of the case before this Court. To the extent that the Court's Opinion of January 8, 2013 assumed that the Orders were part of the instant case, *see D.F.,* 2013 U.S. Dist. LEXIS 2624 at *4-5, that assumption was erroneous.

7